

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-29-2004

# Naik v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1838

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Naik v. Atty Gen USA" (2004). *2004 Decisions.* Paper 185.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/185

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NOS. 03-1838 & 03-3965
_____

NAYANABEN NAIK

<u>Petitioner</u>

v.

JOHN ASHCROFT, AS ATTORNEY GENERAL OF THE UNITED STATES;
MICHAEL J. GARCIA, AS ASSISTANT SECRETARY FOR THE
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,
DEPARTMENT OF HOMELAND SECURITY; WILLIAM RILEY,
DISTRICT DIRECTOR, PHILADELPHIA BUREAU OF
IMMIGRATION AND CUSTOMS ENFORCEMENT,

<u>Respondents</u>

_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A73 039 409)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 26, 2004

BEFORE: NYGAARD, AMBRO and VAN ANTWERPEN, <u>Circuit Judges</u>.

(Filed October 29, 2004)

_____

_____

OPINION
_____

VAN ANTWERPEN, Circuit Judge.

Nayanaben Naik ("Petitioner") seeks review of a United States Department of

Justice Board of Immigration Appeals decision upholding the denial by the Immigration

Judge ("IJ") of her applications for asylum, withholding from removal, protection under

the Convention Against Torture, and suspension of deportation. Our jurisdiction arises

under former Immigration and Naturalization Act ("INA") § 106(a)(1), 8 U.S.C. §

1105a(a)(1).[1] We will deny the petition to review.

I.

Because we write solely for the benefit of the parties, we state the facts only as

they pertain to our analysis. Nayanaben Naik, a citizen of India, entered the United States

without inspection on July 30, 1988. On February 14, 1994, she sought asylum. In her

hearing before the IJ on September 14, 1998, Petitioner testified that she encountered

persecution from Muslims due to her Hindu religion and her activities as a member of the

Vishwa Hindu Parishad ("VHP") political and religious party in the state of Gujarat. She

_____

[1] Because Petitioner's deportation proceedings commenced on December 13, 1995 with an Order to Show Cause and remained in progress on April 1, 1997, the amendments to the INA made by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. 104-208, 110 Stat. 3009, do not apply. IIRIRA § 309(c)(1). However, the IIRIRA transitional rules concerning judicial review do apply, since Petitioner's final order of deportation was entered "more than 30 days after [September 30, 1996]." _Id._ § 309(c)(4)(E).

testified that she had participated in VHP parades in Gujarat three or four times a year between 1986 and 1988. Muslims allegedly beat her with sticks and their fists during such parades. In the one attack Petitioner testified to with specificity, approximately 50 or 60 Muslims armed with "small sticks" attacked an entire parade of approximately 100 to 200 Hindus. Petitioner testified that Muslims hit her on the back and on the legs on this occasion. Petitioner also testified that Muslims left notes at her residence threatening to bomb her home and cause her physical harm. Petitioner testified that she was now afraid to return to India, as she believed that Hindus receiving similar notes were killed or had their properties burned. She believed Muslims were engaging in such activity throughout India, including India's major cities. During Petitioner's activities with the VHP, Petitioner testified that she lived with her parents, as her husband lived in the United States. Petitioner additionally testified that she did not receive any threats from Muslims after late 1987, that she left Gujarat for the United States in July, 1988, and that Gujarat is approximately 70 percent Hindu and 20 to 25 percent Muslim.

In oral decisions dated September 14, 1998 and December 4, 1998, the IJ denied Petitioner's applications for asylum, withholding of removal, Convention Against Torture protection, and suspension of deportation. The IJ found that Petitioner, while credible, had not sustained her burden of proof to establish either past persecution or a well-founded fear of future persecution as set forth in 8 C.F.R. § 208.13(a) and (b). The IJ alternatively found that, even if Petitioner had established persecution, the evidence,

3

including evidence on country conditions, showed relocation within India would be reasonable. 8 C.F.R. § 208.16(b)(3). Petitioner timely filed a petition for review with the Board, which dismissed her appeal in an order entered on February 24, 2003. Petitioner filed a motion for reconsideration on March 26, 2003, which the Board denied on September 10, 2003. Petitioner then filed a timely petition for review.

## II.

Petitioner's appeal challenges factual findings controlled by the substantial evidence standard. *Xie v. Ashcroft*, 359 F.3d 239, 246 (3d Cir. 2004). Where, as here, the Board defers to the findings and decision of an IJ, we look to the reasoning of the IJ in our review of that decision. *Dia v. Ashcroft*, 353 F.3d 228, 244 (3d Cir. 2003) (en banc). Our task is to determine whether it is supported by substantial evidence in the record. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002). The scope of review is narrow. "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." 8 U.S.C. § 1252(b)(4)(B). That is, "[u]nder the substantial evidence standard, the BIA's findings must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483-84 (3d Cir. 2001).

We have defined "persecution" narrowly to only include extreme conduct. *See Ahmed v. Ashcroft*, 341 F.3d 214, 217 (3d Cir. 2003) ("persecution connotes extreme behavior, including 'threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.'") (quoting *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993)); *see also Nelson v. INS*, 232 F.3d 258, 263 (1st Cir. 2000) ("To qualify as persecution, a person's experience must rise above unpleasantness, harassment, and even basic suffering").

However deplorable, the IJ correctly found that the attacks and threatening notes described by Petitioner in her testimony do not rise to the level of persecution as contemplated in 8 C.F.R. §§ 208.13(a) and (b). Petitioner and other parade participants were hit multiple times at one or more parades with small sticks and fists, but Petitioner did not testify to a need for medical treatment, and she testified that she participated in as many as seven other VHP parades over a two-year period without incident. Similarly, while Petitioner received threatening notes at her residence, she also testified that she did not receive any threats from Muslims after late 1987, and the evidence in the record revealed no other threats or acts of violence against Petitioner. The same is true for Petitioner's mother and father, with whom Petitioner lived in Gujarat, as well as her brother, who also lived in the area. The record evidence also included two State Department reports on India, a 1996 Country Report and a 1996 Comments on Country

5

Conditions and Asylum Claims, which did not document Muslim persecution of Hindus but rather a broader Hindu-Muslim conflict over religious differences. Given the evidence as a whole, we cannot say that a reasonable fact finder would be compelled to conclude to the contrary of the IJ, who found that Petitioner failed to meet her burden as to past persecution or a well-founded fear of future persecution.

Having found that substantial evidence supports the denial of asylum, we conclude that withholding of removal was also properly denied. *See Lukwago v. Ashcroft*, 329 F.3d 157, 182 (3d Cir. 2003) ("If [a petitioner] is unable to satisfy the standard for asylum, he necessarily fails to meet the standard for withholding of removal under [the INA].").

Because the IJ's findings with respect to persecution were supported by substantial evidence, we need not consider whether the IJ erred in alternatively finding that Petitioner's relocation elsewhere in India would be reasonable. In any event, because Petitioner raised this contention in a motion to reconsider, we review only for abuse of discretion. *Nocon v. INS*, 789 F.2d 1028, 1033 (3d Cir. 1986). We discern no such abuse here. As Hindus comprise approximately four-fifths of India's population nationwide, the IJ correctly found that Petitioner could relocate to other areas in India where she would not risk interaction with Muslims, a solution suggested in the U.S. State Department's Country Profile on India.

IV.

Petitioner raises two additional issues, but we may not hear them. First, Petitioner asks this Court to remand her case to the Board, so that she may seek administrative closure of her case pending a final decision in her husband's separate immigration proceeding. Because the record shows she never requested administrative closure before either the IJ or the Board, Petitioner has not exhausted this issue in the proceedings below. *See Alleyne v. INS*, 879 F.2d 1177, 1182 (3d Cir. 1989) (noting that the exhaustion requirement "bars consideration of particular questions not raised in an appeal to the Board").[2] Second, to the extent Petitioner contends it was error to deny suspension of deportation pursuant to former INA § 244(a), 8 U.S.C. § 1254(a), we lack jurisdiction to hear that argument. IIRIRA's transitional rules provide that "there shall be no appeal of any discretionary decision under section . . . 244 [of the INA]." IIRIRA § 309(c)(4)(E). Petitioner also waived this contention as she did not pursue this argument in her brief. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) (declining to address issues not pursued on appeal).

For the foregoing reasons, the petition is denied.

---

[2] In their respective briefs, the Government acknowledges Petitioner cannot be removed while her husband's application is pending, and Petitioner represents she is eligible for an extension of voluntary departure for up to two years under the Family Unity Program. 8 C.F.R. § 236.15.